# Mannino v. Lazerpro Inc.

■■■■■■■■■■■

■■■■■

*Bernard F. Cantorna,* for plaintiff.
*Kathleen V. Yurchak,* for defendant.

BROWN JR., *P.J.,* October 11, 2005—Presently before the court is a two-count complaint filed by plaintiff Vincent Mannino. Upon consideration of evidence presented at a non-jury trial, and written argument submitted by the parties, the court finds in favor of defendant.

## PROCEDURAL HISTORY

Plaintiff filed a two-count complaint on March 7, 2001. In the complaint, plaintiff asserts a claim for damages and an injunction restraining defendant Lazerpro Inc. from enforcing the provisions of a restrictive covenant contained in defendant's employment agreement. On April 6, 2001, defendant filed an answer to plaintiff's complaint along with new matter and counterclaims.

On May 22, 2001, defendant filed a petition for preliminary injunction and permanent injunction, requesting the court to determine the covenant-not-to-compete barred plaintiff from being employed as a sales representative with certain corporations. On May 31, 2001, after a hearing on defendant's petition for a preliminary injunction and permanent injunction, the court found the covenant-not-to-compete to be enforceable. However, the

court did not determine Count 1, breach of contractual relationship, of plaintiff's complaint, or defendant's counterclaims regarding damages.

A non-jury trial on the remaining issues dealing with damages resulting from breach of the employment contract was held before this court on June 9, 2005. Both parties submitted proposed findings of facts and conclusions of law for the court's consideration.

## FINDINGS OF FACT

(1) Plaintiff is a former employee of defendant Lazerpro Inc. Plaintiff began employment with defendant on August 9, 1999, after the parties entered into a written contract. Plaintiff voluntarily terminated his employment with defendant in February 2001.

(2) Defendant is in the business of website designs, e-commerce solution, video production and general network solutions.

(3) Plaintiff was hired as a salesman in charge of business development for defendant. Plaintiff was responsible for soliciting orders for web page design and other products available for sale and distribution by defendant in the central Pennsylvania region.

(4) The contract agreement between plaintiff and defendant stated plaintiff would receive a salary draw of $33,000 per year.

(5) Under the agreement, plaintiff would receive 25 percent commission on all sales made on behalf of defendant. Further, plaintiff would receive a bonus of $1,000 for gross sales in excess of $100,000 within a 12-month period.

(6) The agreement contained a covenant-not-to-compete clause, which this court found to be enforceable by an opinion and order dated May 31, 2001.

(7) During plaintiff's employment with defendant, disagreements ensued between plaintiff and defendant regarding when plaintiff was to receive a 25 percent commission on sales.

(8) Plaintiff met with defendant's CEO, Dan Meyers, on several occasions requesting payment of commissions plaintiff believed were due to him.

(9) Plaintiff voluntarily terminated his position with defendant in February 2001.

(10) Plaintiff undertook employment with Micros and More Inc. Micros and More Inc. is engaged in the business of building network and computer systems for businesses and corporations.

(11) Plaintiff was employed with Micros and More for approximately two weeks. Plaintiff's employment was terminated when defendant advised Micros and More Inc. plaintiff was subject to a two-year employment agreement with defendant based upon a noncompetition clause contained in the employment agreement.

(12) Plaintiff has since sought employment in the Harrisburg area.

## CONCLUSIONS OF LAW

(1) To present a claim for wages due, a plaintiff must prove he was contractually entitled to compensation and was not paid. *Sullivan v. Chartwell Investment Partners,* 873 A.2d 710 (Pa. Super. 2005).

(2) In a contract action, the burden of proof is on the party alleging breach or default. *East Texas Motor Freight, Diamond Division v. Lloyd,* 335 Pa. Super. 464, 484 A.2d 797 (1984).

(3) For a plaintiff to successfully maintain a cause of action for breach of contract, the plaintiff must establish (1) the existence of a contract including the assent to terms; (2) breach of duty imposed by the contract; and (3) resultant damages. *Gorski v. Smith,* 812 A.2d 683, 692 (Pa. Super. 2002).

## DISCUSSION

### I. *Plaintiff's Complaint*

Plaintiff maintains defendant materially breached the employment contract with plaintiff by failing to pay 25 percent on commissions due plaintiff. In a claim for breach of contract, plaintiff must establish that a contract exists between the two parties, that defendant breached its duty as set forth in the contract and that plaintiff is entitled to damages. *Gorski v. Smith,* 812 A.2d 683, 692 (Pa. Super. 2002). When a party to a contract seeks to enforce the agreement, or to recover damages for breach of the agreement, that party must prove he has performed all of his own obligations under the contract. *Nikole Inc. v. Klinger,* 412 Pa. Super. 289, 603 A.2d 587 (1992).

Plaintiff presented the court with an employment contract between himself and defendant, signed by both parties. Attachment B to the employment contract provides the commission structure as per the agreement between the parties. Under the contract, plaintiff was to receive

25 percent on gross sales, along with a bonus of $1,000 for gross sales over $100,000.

Plaintiff maintains he approached Mr. Meyers on numerous occasions requesting payment of commissions due. Plaintiff alleges he was told by Mr. Meyers the company lacked sufficient funds to make payroll, therefore, plaintiff could not be paid the commissions due him. Further, plaintiff alleges Mr. Meyers was deleting sales from the computer database designated as plaintiff's sales.

According to the employment contract, and Mr. Meyers' testimony, plaintiff's pay was based upon commissions, which were paid out in the form of a draw. The agreement provided, "should employee not meet anticipated sales goals, employee will pay back to Lazerpro the amount which was not realized through commissions." See attachment B to employment contract. Defendant argues plaintiff failed to become entitled to payment of sufficient commissions to collect on his draw. Mr. Meyers testified plaintiff was paid $11,054.43 over his commissions at the time plaintiff terminated his employment with defendant.

Plaintiff was not able to present the court with sufficient evidence to support his allegations. Plaintiff based his argument on a list of invoices which plaintiff testified was not even a final list of amounts that customers paid. Further, plaintiff's calculations contained amounts from accounts that were with defendant prior to plaintiff's obtaining a position with the company. Therefore, the amounts were not correctly calculated. The court determines plaintiff's allegations are unfounded.

## II. *Defendant's Counterclaims*

The basis of defendant's first counterclaim is breach of contract. Defendant alleges plaintiff disclosed confidential information to others, including, but not limited to, agents, employees and servants of Micros and More and/or made use of such information on his own in connection with business dealings on behalf of Micros and More. Plaintiff had access to confidential information during his term of employment with defendant. Included in the employment contract that plaintiff signed was a section on the use of confidential information which provided, in part, that plaintiff "may never divulge any confidential information to anyone including prospective employers, new employers, fellow employees, nor may you personally use such information for your own advantage or any other purpose." Defendant alleges plaintiff, on his own behalf, and on behalf of Micros and More, solicited defendant's employees for the purpose of inducing the employees to terminate their employment with defendant.

Plaintiff worked for Micros and More for approximately two weeks. Plaintiff maintains he did not attempt to secure any of defendant's employees or clientele during that time nor did he compete in any way with defendant. Further, plaintiff argues he did not provide confidential information to anyone at Micros and More during the short time he was employed there.

Defendant did not offer the court any evidence to substantiate a claim for breach of contract based upon use of confidential information. Defendant presented the

court with mere allegations and failed to adequately support those allegations with sufficient evidence.

Defendant's second counterclaim requests reimbursement for payments over commission earnings made to plaintiff, reimbursement for health care insurance payments made on behalf of plaintiff, and reimbursement for personal phone call charges. Further, defendant requests payment of liquidated damages for plaintiff's alleged violation of the covenant-not-to-compete provided in the employment contract.

Defendant contends plaintiff failed to become entitled to payment of sufficient commissions to collect on his draw during the time of his employment. The employment contract provides, "should employee not meet anticipated sales goals, employee will pay back to Lazerpro that amount which was not realized through commissions." See employment contract, attachment B. Defendant referred to exhibit 4, a contract sales report, in support of its contention. Exhibit 4 provides gross sales for which plaintiff was responsible, along with the total commission due to plaintiff. Plaintiff's draw against commissions was $33,000 per year. For year 1999, plaintiff's total commission amount was $22,280.62; for year 2000 it was $20,924.70; and for year 2001, $1,562.32.

Based upon the evidence presented in exhibit 4, plaintiff did not accumulate a sufficient amount of sales entitling him to collect on his draw. Therefore, according to the contract, plaintiff is required to "pay back to [defendant] that amount which was not realized through commissions." See employment contract, attachment B. Defendant maintains plaintiff was paid $11,054.43 over the draw amount at the time plaintiff voluntarily terminated

his employment with defendant. Therefore, defendant is entitled to $11,054.43, as repayment for the amount not realized through commissions.

Defendant claims plaintiff owes $1,122.62 as reimbursement for health care benefits and $155.62 as reimbursement for personal calls plaintiff made during his employment with defendant. The evidence presented was insufficient to show an employee was responsible for repayment of health care benefits or personal phone calls. The court determines defendant failed to establish an obligation on behalf of plaintiff to repay these amounts.

Defendant further requests liquidated damages in the amount of $8,250 based upon plaintiff's failure to remain employed for the full two-year commitment. Pursuant to attachment A, subsection C, of the employment contract, defendant is entitled to liquidated damages equivalent to three months salary if the breach occurs after the employee's first year of employment. Plaintiff began employment with defendant on August 9, 1999, and was employed with defendant for 15 months. Plaintiff did not fulfill the full two-year term under the contract.

Plaintiff argues the liquidated damage clause acts as a form of punishment with the purpose to secure compliance with the contract and is, therefore, unenforceable. The court must look at (1) the intention of the parties, (2) the relation which the sums stipulated varies to the extent of the injury which may be caused by breach, (3) the ease or difficulty of measuring a breach in damages, and (4) the amount fixed must be a reasonable forecast of compensation for the harm that may be caused by the

breach. *Hanrahan v. Audubon Builders Inc.,* 418 Pa. Super. 497, 614 A.2d 748 (1992).

Attachment A, subsection C, of the employment contract states, "[t]hese liquidated damages represent compensation for loss of training, setbacks to projects, time by supervisors and staff to readjust to the workload and redistribute it and other costs related to an employee's breach of his or her work commitments and not as a penalty." See attachment A, subsection C, of employment contract.

Defendant's intent is clearly stated in the contract. Defendant suggests there are costs associated with voluntary termination of employment prior to the two-year commitment. These damages are for loss of time in training the employee, and to redistribute the workload. These are costs that are difficult to measure. However, the amount must be a reasonable forecast of compensation for the harm which may be caused by the breach. The employment contract provides that reasonable damages would be three months salary, or $8,250. The court was not presented with evidence suggesting the amount is a reasonable forecast. On the contrary, plaintiff argues the amount of liquidated damages has no relationship to any possible damages caused by the voluntary employment termination. The court agrees.

The court deems damages in the amount of $8,250 to be excessive in the instant case. Eight thousand two hundred fifty dollars in damages for redistributing plaintiff's workload, in addition to loss of time from training plaintiff, is unreasonable based upon the evidence presented. The court was not presented with evidence to suggest

defendant could have possibly been harmed by plaintiff's termination in such an amount.

In defendant's proposed findings of fact and conclusions of law, defendant's argument was stated, "[defendant] requests payment of liquidated damages for [plaintiff's] violation of the covenant-not-to-compete." However, attachment A, subsection C states, "[l]iquidated damages, if involved, relate only to work commitments and not to claims for breach of confidentiality or non-competition commitments under this attachment A." Therefore, defendant cannot recover liquidated damages for a violation of the covenant-not-to-compete as defendant argues.

Defendant also maintains plaintiff breached a loan agreement in the amount of $9,277.39. Plaintiff requested a loan from defendant in the amount of $4,500. The agreement provides plaintiff was to repay the loan over a period of six months at an annual interest rate of 15 percent. Twelve payments, one every two weeks was to be deducted from plaintiff's paycheck in the amount of $390.41.

Defendant did not deduct a loan payment from plaintiff's paycheck. Therefore, plaintiff has not yet repaid the loan. Defendant is requesting compensation for plaintiff's failure to repay the $4,500 loan in addition to the 15 percent annual interest.

The court believes defendant is entitled to repayment of the loan. However, defendant was responsible for having the payments deducted from plaintiff's paycheck and did not do so. Therefore, plaintiff shall not be held responsible for the accumulated interest from the inception of the loan.

Accordingly, the following is entered:

## VERDICT

And now, October 11, 2005, upon consideration of a non-jury trial held in the above-captioned case, this court enters the following verdict:

Plaintiff failed to present sufficient evidence to maintain a claim for breach of contract, therefore, plaintiff's complaint is dismissed.

Defendant failed to offer the court any evidence to substantiate a claim for breach of contract based upon use of confidential information, therefore, defendant's counterclaim is dismissed.

The court determines plaintiff shall pay to defendant the amount of $11,054.43, as reimbursement for payments made to plaintiff over commission earnings. Defendant did not present sufficient evidence for reimbursement of health care coverage or for reimbursement of personal phone calls.

Defendant's request for enforcement of the liquidated damages clause is dismissed. Three months salary is determined to be an excessive award of damages for plaintiff's failure to maintain employment with defendant for the full contract term.

Further, the court determines defendant is entitled to full repayment of the loan given to plaintiff, in the amount of $4,500.